IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:12-CR-00068-FL-2
No. 4:13-CV-00182-FL

| | |
|---|---|
| DONALD ELBERT LEWIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court upon petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence ("motion to vacate") (DE 80), and the government's motion to dismiss or for summary judgment (DE 94). Also before the court are petitioner's motions for judgment on the pleadings (DE 93); for default judgment (DE 99); and for evidentiary hearing, and to appoint counsel, which the court construes as also including a motion to amend (DE 100). For the reasons set forth below, the court grants in part and denies in part the government's motion to dismiss or for summary judgment, denying all claims for relief except for petitioner's seventh claim for ineffective assistance of counsel based upon failure to file a notice of appeal, which the court will adjudicate following evidentiary hearing on the claim. The court grants petitioner's motion to amend, but denies petitioner's motions for judgment on the pleadings and for default judgment, and the court grants in part petitioner's motion for evidentiary hearing and to appoint counsel to the extent set forth herein.

BACKGROUND

On May 23, 2012, petitioner was charged with eleven counts in a twelve count indictment. On August 14, 2012, he was arraigned and entered a guilty plea to Count 1, charging conspiracy to distribute and possess with the intent to distribute 280 grams or more of cocaine base (crack) and 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1). Pursuant to a written plea agreement, the government agreed to dismiss Counts 2 through 11. On January 10, 2013, the court sentenced the defendant to a term of imprisonment of 180 months.

Petitioner did not appeal. On July 30, 2013, petitioner filed the present § 2255 motion. Petitioner asserts the following seven claims for relief:

1. Based on the "bad advice" of counsel, petitioner accepted a plea of guilty that was not in his best interest, was unlawfully induced, or not made voluntarily.

2. Based on the advice and information provided by counsel, petitioner was "coerced into confession."

3. Petitioner's conviction was obtained by use of evidence obtained from an unlawful arrest and search.

4. Petitioner's conviction was obtained by use of evidence obtained by unlawful search and seizure.

5. Petitioner's conviction was obtained by use of "ghost drugs" by the prosecution, without disclosing favorable evidence to petitioner.

6. Petitioner received "bad advice" from his attorney in pleading guilty and in preparation of presentence report.

2

7. Counsel was ineffective in failing to file a notice of appeal after being expressly requested to do so.

The Government responded to petitioner's motion with the instant motion to dismiss or, alternatively, for summary judgment, filed on October 24, 2013. The government asserts petitioner's first five claims fail due to the waiver in the plea agreement and procedural default. The government also asserts that the first two claims, and the sixth and seventh claims, are insufficiently pleaded and otherwise without merit. The government accompanies its motion with a declaration by trial counsel concerning the advice provided upon guilty plea and regarding filing of a notice of appeal.

Petitioner filed on May 6, 2014, a motion to amend his § 2255 motion, in which he details further facts and argument in support of his claims, and in which petitioner requests an evidentiary hearing and appointment of counsel.

COURT'S DISCUSSION

A. Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255

3

Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir.1992). A complaint states a claim under 12(b)(6) if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir.2009) (citations omitted).

In the context of a §2255 motion, "[w]hen the district court denies § 2255 relief without an evidentiary hearing, the nature of the court's ruling is akin to a ruling on a motion for summary judgment." United States v. Poindexter, 492 F.3d 263, 267 (4th Cir. 2007). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial burden of demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate with specific evidence that

4

there exists a genuine issue of material fact requiring trial. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986).

"[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue [of fact]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In a § 2255 proceeding, the court must "review the facts in the light most favorable to the § 2255 movant." Poindexter, 492 F.3d at 267. Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to [grant summary judgment] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin-Williams Co., 681 F.2d 230, 241 (4th Cir. 1982) (quotations omitted).

B.  Analysis

    1.  Motions for default and for judgment on the pleadings

Petitioner seeks a default judgment and judgment on the pleadings on the basis that the government failed to respond properly or on time to his § 2255 petition. (See DE 93 and DE 99). This court, however, allowed the government an extension of time to file a response, up to October 25, 2013, and the government in fact filed its motion to dismiss or for summary judgment on October 24, 2013. Accordingly, petitioner's motions for default and for judgment on the pleadings are denied.

    2.  Motions to amend, for evidentiary hearing, and to appoint counsel

In petitioner's motion to amend, as noted previously, petitioner details further facts and argument in support of his claims. "Rule 15(c) provides for the relation back of amendments to the original pleading under certain circumstances." United States v. Pittman, 209 F.3d 314, 317 (4th Cir.

5

2000). "Relation back is permitted when 'the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading.'" Id. (quoting Fed. R. Civ. P. 15(c)(2)). In this case, petitioner's motion to amend includes further details in support of, and relating back to, petitioner's claims. To the extent the motion can be construed as a motion to amend such claims, the motion to amend accordingly is granted.

With respect to the motion for evidentiary hearing and to appoint counsel, the court must hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). In addition, "[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies [as indigent] under 18 U.S.C. § 3006A." Rule 8(c) of the Rules Governing § 2255 Proceedings. Otherwise, the district court is authorized under 18 U.S.C. § 3006A(a)(2)(B) to appoint counsel to represent a habeas petitioner when the interests of justice so requires and the petitioner is financially unable to obtain representation.

Under circumstances of this case, for the reasons set forth in the analysis of petitioner's claims below, the court finds that this case does not require an evidentiary hearing or appointment of counsel, except with respect to petitioner's seventh claim for relief. Accordingly, petitioner's motion for appointment of counsel and for evidentiary hearing is denied in part and granted in part only to the extent set forth below.

    1.    Motion to dismiss or for summary judgment

        a.    Plea Waiver

The government argues that petitioner's first five claims are barred by the waiver in petitioner's plea agreement. The court must enforce a waiver in a plea agreement "if it is valid and

6

the issue appealed is within the scope of the waiver." United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013) (quotations omitted). This rule applies equally to waiver of direct-appeal rights and waiver of collateral-attack rights. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005).

"A defendant may waive the right to appeal his conviction and sentence so long as the waiver is knowing and voluntary." United States v. Davis, 689 F.3d 349, 355 (4th Cir. 2012). "Although the validity of an appeal waiver often depends on the adequacy of the plea colloquy, 'the issue ultimately is evaluated by reference to the totality of the circumstances.'" Copeland, 707 F.3d at 528 (quoting United States v. Blick, 408 F.3d 162, 169 (4th Cir.2005)). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." Copeland, 707 F.3d at 528 (quoting United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir.2012)).

Petitioner's plea agreement contained a waiver of "all rights to contest [his] conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting . . . [a] motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the defendant at the time of the defendant's guilty plea." (DE 39 at 1-2). In this case, although the record reflects that petitioner's plea overall was knowing and voluntary, the court did not question defendant regarding the waiver of right to contest his conviction in a post-conviction proceeding.[1] Therefore, where the government does not present any further facts or circumstances

---

[1] See DE 37 (minute entry of arraignment). Although no transcript of the plea hearing has been filed, the court has reviewed a time-stamped recording of the arraignment maintained by the court. During the arraignment the court did not question petitioner regarding the waiver of post-conviction motion rights, and the record does not otherwise indicate that petitioner understood the full significance of the waiver regarding post-conviction motion rights.

7

that the waiver itself was knowing and voluntary, the court holds that the plea waiver does not bar petitioner's claims. See Copeland, 707 F.3d at 528; see also Blick, 408 F.3d at 169 n.6.

      b.     Procedural default

The government argues that petitioner's first five claims are procedurally defaulted. Generally, "[w]here a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice.'" Bousley v. United States, 523 U.S. 614, 622 (1998). An exception to the procedural default rule applies, however, "for claims that could not be presented without further factual development," where "the facts were dehors the record and their effect on the judgment was not open to consideration and review on appeal." Id. at 622-23 (quotations omitted).

Here, petitioner's first five claims involve either allegations of ineffective assistance of counsel, or allegations of misconduct in the investigation and prosecution of his case, as a basis for claiming his plea was unlawful and not voluntary. Therefore, because these claims involve alleged facts outside of the record of petitioner's plea and sentencing, the procedural default rule is not applicable to petitioner's claims.

      c.     Evaluation of the claims on the merits

           i.     Ineffective assistance of counsel concerning guilty plea

In several claims, petitioner alleges ineffective assistance of counsel at or before the time of his guilty plea, which petitioner contends contributed to a plea that was not in his best interest, unvoluntary, and otherwise invalid. In particular, petitioner alleges in his first, second, and sixth claims that he received ineffective assistance of counsel leading to an invalid guilty plea, and he suggests he would have gone to trial had he received better advice or representation. (DE 80 at 5 &

8

7; see DE 100 at 10). Also in relation to his third, fourth, and fifth claims, petitioner argues that his counsel failed to conduct a full investigation into the evidence supporting the government's case or into his competency to stand trial. (See DE 100 at 10-12).[2]

A defendant's sworn representations made at a plea hearing "carry a strong presumption of verity" and "constitute a formidable barrier against any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). "It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." Mabry v. Johnson, 467 U.S. 504, 508 (1984) (footnote omitted). "[T]he concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas." United States v. Timmreck, 441 U.S. 780, 784 (1979).

"Thus, in the absence of extraordinary circumstances, . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (citations omitted). Likewise, "the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Id. at 222. The court is "not required to conduct an evidentiary exploration of the truth of an allegation in a § 2255 motion which amount[s] to no more than a bare contradiction of statements made by [the petitioner] when he pleaded guilty." Id. at 221.

---

[2] Petitioner also claims he received ineffective assistance of counsel in preparation of his presentence report. (DE 80 at 13). Petitioner does not, however, provide any factual allegations to support this claim. Accordingly, it is dismissed without further analysis. See United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013).

9

"Extraordinary circumstances" that provide an exception to this rule include, for example, "admittedly ineffective representation, which the Government conceded rendered the guilty plea involuntary," that required an evidentiary hearing "to determine whether the prosecutor orally agreed that the defendant could plead guilty conditionally." Id. at 221 (citation omitted). Likewise, an evidentiary hearing would be required "when the petitioner introduced documentary evidence supporting his claim that he was severely ill, both physically and mentally, and uncounselled at the time of his Rule 11 colloquy." Id. (citation omitted).

Multiple aspects of petitioner's claims based upon ineffective assistance of counsel are contradicted by his statements at arraignment. For example, petitioner's claim that he received "bad advice" or was "coerced into confession" is belied by his affirmation at arraignment that he discussed his case and plea agreement with his lawyer, understood the terms of the plea, and was satisfied with the advice of counsel.[3] Petitioner also affirmed he did not need more time to speak with his attorney before entering his plea.[4]

Similarly, petitioner's claim that his counsel did not sufficiently investigate the charges against him is belied by his affirmation that he in fact committed the offense of conviction, even after the court informed him he was free to say that he did not do so.[5] In addition, petitioner's claim that he was not competent to proceed, and that his counsel should have investigated further his

---

[3] See Arraignment Hearing, August 14, 2012, at 1:54 p.m. to 1:55 p.m. As noted above, although no transcript of the plea hearing has been filed, the court has reviewed a time-stamped recording of the arraignment maintained by the court.

[4] See id. at 2:02.

[5] See id. at 2:03 to 2:04.

10

competency, is belied by petitioner's statements regarding his ability to communicate and understand on the date of the arraignment.[6]

In addition, petitioner otherwise has not alleged specific facts supporting a plausible claim for ineffective assistance of counsel at the plea phase of the case. In order to establish ineffective assistance of counsel, petitioner must show "(1) that his attorney's performance 'fell below an objective standard of reasonableness' and (2) that he experienced prejudice as a result, meaning that there exists 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " United States v. Fugit, 703 F.3d 248, 259 (4th Cir.2012) (quoting Strickland v. Washington, 466 U.S. 668, 687–88, 694 (1984)).

To establish such a claim with respect to a guilty plea, "a person must demonstrate 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Fugit, 703 F.3d at 259 (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). "'Surmounting Strickland's high bar is never an easy task' in the guilty-plea setting." United States v. Dyess, 730 F.3d 354, 361 (4th Cir. 2013) (quoting Padilla v. Kentucky, 130 S.Ct. 1473, 1485 (2010)). "Thus, [petitioner] must convince [the court] that the decision to go to trial 'would have been rational under the circumstances.'" Id. (quoting Padilla, 130 S.Ct. at 1485). In this respect, petitioner's "subjective preferences, therefore, are not dispositive; what matters is whether proceeding to trial would have been objectively reasonable in light of all the facts." Id. at 361-62.

Here, petitioner faced eleven counts in a twelve count indictment, the first of which carried a potential term of imprisonment of ten years to life imprisonment. If he proceeded to trial on this count, petitioner faced a possible enhancement pursuant to 21 U.S.C. § 851, which would have

---

[6] See id. at 1:51 to 1:54.

11

Case 4:12-cr-00068-FL   Document 103   Filed 05/20/15   Page 11 of 20

subjected him to a 20 year minimum sentence. (See DE 96 ¶9; DE 96-1). Although petitioner contends in his amended motion that he "was a drug purchaser" and did not enter into the conspiracy the government alleged in the indictment, (DE 100 at 12), he does not deny the factual basis for the plea resting on petitioner's conduct in manufacturing and selling a significant quantity of crack cocaine.[7] Furthermore, although petitioner claims his counsel should have investigated further circumstances surrounding his arrest, search, and seizure, the alleged evidence regarding this stage of petitioner's case, as discussed further in the next section, does not provide realistic basis for challenging his charges at trial.

In contrast to his prospects at trial, the plea agreement promised dismissal of ten out of eleven counts. The plea agreement also recognized the possibility of a reduction in sentence based upon substantial assistance, which possibility was discussed with counsel (DE 96 ¶9). Indeed, while petitioner faced a guidelines sentencing range of 360 months to life at sentencing, upon the government's motion, petitioner in fact received a sentence at 180 months, a substantial reduction under the guidelines sentencing range. (See DE 53 and 56).

In sum, in light of all the facts and circumstances of this case, petitioner has not demonstrated 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Fugit, 703 F.3d at 259. Furthermore, in light of all the same considerations, including the benefits and drawbacks of trial, on the one hand, and

---

[7] The government presented a factual basis for count 1 of the indictment at arraignment not contradicted by petitioner's general allegations in his amended motion. See Arraignment Hearing, August 14, 2012, at 2:04 to 2:08. In particular, the government describes ten controlled purchases in which petitioner sold crack cocaine to a confidential informant; petitioner's manufacture of crack cocaine in his residence; and drug sale activities by co-conspirators over an extended period of time in petitioner's residence. These facts are further corroborated and elaborated in petitioner's presentence investigation report, which holds petitioner accountable for distribution of over 14 kilograms of crack cocaine. (See DE 52 at ¶¶ 13-15).

12

guilty plea, on the other hand, petitioner has not demonstrated a genuine issue of fact as to whether counsel's performance in advising petitioner to plead guilty fell below an objective standard of reasonableness. See id.

  ii. Unlawful arrest, search and seizure

In his third claim, petitioner alleges he was "arrested based upon evidence from an unlawful arrest and search," and "based upon a state officer's hearsay, not federal officers." (DE 80 at 9). Petitioner also suggests in his fourth claim that evidence pertinent to his case was seized unlawfully without a search warrant. (Id. at 11; see DE 100 at 10). In references to these claims, petitioner also describes certain conduct by a "state officer[] . . . Bobby Baker":

> [Petitioner] was 'arrested based upon evidence from an unlawful arrest and search' and based upon a state officers name Bobby Baker who falsification of an affidavit that was used to obtain a search warrant, also theft of seized monies from location without a search warrant, And some location he would take drugs and never [turn] the drugs in. This was the same officer that was Officer Scott partner, the investigation officer in Mr. Lewis' federal case before this court. Moreover Bobby Babby Baker been charge and convicted for all the above illegal act and doing time before, Mr. Lewis' attorney gave him incorrect legal advice which induced him to plead guilty when he otherwise would have gone to trial. Indeed, Mr. Lewis told his attorney about the two officer with other officers, with no warrant and no probable cause, would conducted an illegal search and seizure of his home, which resulted in his illegal arrest in this case.

(DE 100 at 10) (punctuation and syntax as in original).

As an initial matter, "a knowing and voluntary guilty plea waives antecedent non-jurisdictional errors, including claims of unlawful search and seizure." United States v. Devaughn, 73 F. App'x 627, 628 (4th Cir. 2003) (citing Tollett v. Henderson, 411 U.S. 258, 267 (1973)). Because petitioner admitted at arraignment that he is in fact guilty of the offense with which he was charged, he is barred from raising an independent claim related to the deprivation of

13

constitutional rights that occurred prior to the entry of the guilty plea. See Tollett, 411 U.S. at 267; United States v. Moussaoui, 591 F.3d 263, 279 (4th Cir.2010).

In addition, to the extent petitioner alleges his plea was not voluntary due to a lack of information, either not disclosed by the government or uncovered by counsel, the type of alleged information not disclosed is not sufficient to undermine the knowing and voluntary nature of petitioner's plea. While the contours of petitioner's claim are not entirely clear, petitioner suggests that he would not have pleaded guilty had he known or been informed further about two categories of information: (1) generally that his residence was searched and items seized without a warrant or probable cause; (2) that a certain "state officer[] name[d] Bobby Baker" falsified "an affidavit" that was used to obtain "a search warrant" and engaged in other wrongdoing for which he was charged and convicted. The court will address these two categories of information in turn.

With respect to the first category of information, petitioner has not alleged any specific circumstances regarding a warrantless search of his residence, nor the fruits of the search. Petitioner's suggestion of illegality in the search and seizure of items from his residence is undermined by the record. For example, the factual proffer by the government at arraignment confirms that the government's case was based upon multiple controlled purchases and statements of co-conspirators, and not solely upon evidence obtained during any search or seizure in petitioner's residence.[8] In addition, any warrantless search conducted of petitioner's premises could have been incident to a lawful arrest based upon such controlled purchases.[9] In sum, petitioner has

---

[8] See Arraignment Hearing, August 14, 2012, at 2:04 to 2:08; see also presentence report ¶¶ 13-15 (describing offense conduct).

[9] See, e.g., Presentence report, ¶ 13 (describing controlled buy, arrest, and search, and occurring in one instance all on the same date).

14

not alleged specific facts that would give rise to a plausible argument challenging any particular search or seizure in petitioner's residence.

With respect to petitioner's allegations regarding conduct by a certain "Bobby Baker," plaintiff has not alleged any facts showing a connection to the evidence underlying the prosecution in this case. In this respect, the facts alleged by petitioner here are distinguishable from those found determinative to a claim premised upon an invalid guilty plea in United States v. Fisher, 711 F.3d 460 (4th Cir. 2013). There, the Fourth Circuit held that a defendant was entitled to withdraw his guilty plea when both he and the government later discovered that the "law enforcement officer responsible for the investigation that led to the defendant's arrest and guilty plea himself later pled guilty to having defrauded the justice system in connection with his duties as an officer," which conduct "underpinned the search warrant for the defendant's residence." Id. at 469. Characterizing the case before it as "extraordinary," id. at 462, the court noted that the "case present[ed] highly uncommon circumstances in which gross police misconduct goes to the heart of the prosecution's case." Id. at 466. The court distinguished the case from one where a "[d]efendant sought to withdraw his plea 'merely because he discover[ed] long after the plea ha[d] been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action." Id. (quotations omitted).

Unlike in Fischer, petitioner has not alleged that the charges against a certain "Bobby Baker" relate specifically to the search and seizure that underpinned the government's evidence in this case. Similarly, his reference to "falsification of an affidavit" that was used to obtain "a search warrant" do not permit an inference of a connection to this case. (DE 100 at 10). Rather, petitioner suggests that the government or defense counsel should have looked further into actions of Bobby Baker to

15

see if they could be used to impeach activities by other officers involved in petitioner's case. In light of all the circumstances, including various sources of evidence relied upon by the government in its case, petitioner has not demonstrated that such information was so extraordinary as to undermine the knowing and voluntary nature of his plea.

In addition, petitioner's suggestion that the prosecution should have disclosed misconduct by "Bobby Baker" does not have a basis in law. A prosecutor is not required to disclose impeachment evidence prior to entering into a plea agreement. See United States v. Ruiz, 536 U.S. 622, 625 (2002) ("[I]mpeachment information is special in relation to the fairness of a trial, not in respect to whether a plea is voluntary ('knowing,' 'intelligent,' and 'sufficient[ly] aware')."); United States v. Moussaoui, 591 F.3d 263, 286 (4th Cir. 2010), (recognizing that "a guilty plea is [not] invalidated by a prosecutor's failure to provide exculpatory impeachment information to a defendant prior to the plea").

In sum, petitioner has failed to allege facts pertaining to his arrest, search, and seizure, sufficient to invalidate his knowing and voluntary plea of guilty. Accordingly, these claims must be denied.

### iii. Prosecution's failure to disclose "ghost drugs"

Petitioner claims that the prosecution failed to disclose to him "ghost drugs" used in the government's case against him, suggesting that his plea was invalid as a result. As with the analysis in the prior section, this argument fails as a matter of law, and also due to the lack of specificity in petitioner's allegations. As noted previously, the government is not required to disclose exculpatory impeachment evidence prior to entering into a plea agreement. See Ruiz, 536 U.S. at 625; Moussaoui, 591 F.3d at 286. In any event, petitioner has not alleged any plausible factual

16

allegations to support this claim, in light of both the factual proffer by the government at the arraignment and the facts presented in the presentence report.

Accordingly, petitioner's claim based upon the prosecution's failure to disclose "ghost drugs" must be denied.

### iv. Ineffective assistance of counsel regarding notice of appeal

Petitioner claims that his counsel was ineffective by failing to file a notice of appeal when requested by him to do so. The government argues that petitioner has not alleged sufficient facts to make plausible his claim or, in the alternative, that the court should hold an evidentiary hearing to make a credibility determination based upon the statements of counsel.

"[W]here [a] defendant unequivocally instructs an attorney to file a timely notice of appeal, prejudice is presumed because it results in the 'forfeiture' of the appellate proceeding." United States v. Poindexter, 492 F.3d 263, 268 (4th Cir. 2007) (quoting Roe v. Flores-Ortega, 528 U.S. 470, 483 (2000)). Further, "[o]nce [a defendant] unequivocally instructed his attorney to file a timely notice of appeal, his attorney was under an obligation to do so," and if not such appeal was filed, "his attorney acted in a professionally unreasonable manner." Id.

Accordingly, "when a defendant brings a § 2255 claim based on his attorney's failure to file a requested notice of appeal, the district court should hold a hearing if it is unclear in the record whether the attorney was so instructed." Id. at 272. The nature of the hearing is "a simple evidentiary hearing" "to determine whether [the defendant] unequivocally instructed his attorney to file a notice of appeal." Id. at 272, 273. "If his attorney was so instructed, [the defendant] is to be allowed a direct appeal." Id. at 273. "If his attorney was not so instructed, the court will have to determine if [the defendant] met his burden of showing that: (1) his attorney had a duty to consult

under Flores-Ortega; (2) his attorney failed to fulfill his consultation obligations; and (3) he was prejudiced by his attorney's failure to fulfill these obligations." Id.

The government contends that petitioner's allegations as to the notice of appeal are conclusory and unelaborated. This is true of petitioner's original petition, where petitioner claimed merely that his "attorney failed to file direct appeal as instructed by [petitioner]." (DE 80 at 13). However, petitioner provides additional factual details in his amended motion. In particular, petitioner alleges that he "ask [sic] his Attorney to appeal his case soon after he was sentenced when his attorney went to see him that same day in the attorney's room in the Courthouse, there Mr. Lewis ask his attorney to appeal his case." (DE 100 at 6). These factual allegations are sufficient to raise petitioner's claim for relief above the speculative level, and to make it "unclear in the record whether the attorney was so instructed." Poindexter, 492 F.3d at 272.

Petitioner's claim that he instructed counsel to file a notice of appeal conflict with the statements in counsel's declaration that petitioner did not request an appeal on the date of sentencing, (see DE 96 ¶16), nor at any point thereafter following discussions regarding an appeal. (See id. at ¶¶ 17-18). Because of the conflict in statements, and the credibility determination that must be made, the court is obligated to hold an evidentiary hearing. Poindexter, 492 F.3d at 272; see United States v. Blondeau, 480 F. App'x 241, 242-43 (4th Cir. 2012) (holding that district court abused its discretion in denying claim without an evidentiary hearing, where petitioner asserted that he instructed counsel to file an appeal); United States v. Gonzalez, 570 F. App'x 330, 337 (4th Cir. 2014) (vacating and remanding to district court to conduct second evidentiary hearing on whether counsel consulted petitioner on whether to file an appeal).

This evidentiary hearing will address the following two limited issues:

18

(1) Whether petitioner unequivocally instructed counsel to file a notice of appeal; and

(2) If petitioner's attorney was not so instructed, whether and to what extent counsel consulted with petitioner regarding the filing of a notice of appeal.

Because the court has determined that an evidentiary hearing is warranted, the court "must appoint an attorney to represent" petitioner, under 18 U.S.C. § 3006A, at the evidentiary hearing. Rule 8(c) of the Rules Governing § 2255 Proceedings. Accordingly, the court directs the Federal Public Defender to oversee appointment of counsel for purposes of representing petitioner at the evidentiary hearing.

Further, because of the nature of the ineffective assistance of counsel inquiry at this time, petitioner's presence is required at this evidentiary hearing. See Raines v. United States, 423 F.2d 526, 530 (4th Cir. 1970). Accordingly, the court directs the government, in consultation with the United States Marshal's Service, to take necessary steps to secure the attendance of petitioner at the evidentiary hearing, which the court sets to take place on Monday, June 22, 2015, at 2:30 p.m. at the United States Courthouse in New Bern, North Carolina.

CONCLUSION

Based on the foregoing, the government's motion to dismiss or for summary judgment (DE 94) is GRANTED IN PART and DENIED IN PART. All of petitioner's claims asserted in his § 2255 motion are DENIED, except for petitioner's seventh claim for ineffective assistance of counsel based upon failure to file a notice of appeal, which the court will adjudicate following an evidentiary hearing on such claim. Petitioner's motions for judgment on the pleadings (DE 93) and for default judgment (DE 99) are DENIED. Petitioner's motion to amend (DE 100) is GRANTED. Petitioner's motions for evidentiary hearing, and to appoint counsel (DE 100) are DENIED IN

19

Case 4:12-cr-00068-FL   Document 103   Filed 05/20/15   Page 19 of 20

PART and GRANTED IN PART, only with respect to the evidentiary hearing on petitioner's seventh claim for relief.

The court DIRECTS the clerk to set an evidentiary hearing in accordance with the foregoing on **Monday, June 22, 2015, at 2:30 p.m.** at the United States Courthouse in New Bern, North Carolina. The court DIRECTS the Federal Public Defender to enter a notice of appearance for purposes of representing petitioner at the evidentiary hearing. The court DIRECTS the government, in consultation with the United States Marshal's Service, to take necessary steps to secure the attendance of petitioner at the evidentiary hearing.

SO ORDERED, this the 20th day of May, 2015.

LOUISE W. FLANAGAN
United States District Judge

20

Case 4:12-cr-00068-FL   Document 103   Filed 05/20/15   Page 20 of 20